Thuy Thi Phuong NGUYEN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–71681.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2009.*

Filed Feb. 17, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., William C. Peachey, Harold M. Sklar, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOULD, BYBEE, and TYMKOVICH,** Circuit Judges.

** The Honorable Timothy M. Tymkovich, Circuit Judge, Tenth Circuit Court of Appeals,

## MEMORANDUM ***

The facts of this case are known to the parties and we do not repeat them here, except as is necessary to explain our decision. Thuy Phi Phuong Nguyen petitions for review of the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) decision denying her application for asylum and withholding of removal.[1] We have jurisdiction under 28 U.S.C. § 1252, and we deny the petition.

■ To establish asylum eligibility, Nguyen must demonstrate that she is a refugee. 8 U.S.C. § 1158(b)(1). A refugee is an alien unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A demonstration of past persecution entitles an alien to a rebuttable presumption of a well-founded fear of future persecution. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1051 (9th Cir.2005). The alien must demonstrate that any such persecution was inflicted by "a government official or persons the government is unable or unwilling to control." *Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005).

Nguyen has failed to establish that she is a victim of past persecution or that she has a well founded fear of future persecution. According to Nguyen's testimony, she worked for a private employer that told her to engage in sexual activity with the employer's customers—and Nguyen acquiesced in this demand for about five months. We certainly acknowledge that requiring a young employee to engage in

sexual activity as a condition of continued employment is reprehensible behavior. However, at the end of this period, Nguyen quit her job and almost immediately thereafter found a new position in which she was not required to engage in sexual activity. She subsequently worked at a bookstore, a market stall, and another hotel, and none of those jobs involved sex.

■ Nguyen failed to demonstrate that the treatment she experienced was attributable to the Vietnamese government or to forces the government is unable or unwilling to control. The IJ noted that prostitution is illegal in Vietnam, that the Vietnamese government was taking "an increasingly active role in investigating [human] trafficking" and that there was no evidence of official institutional involvement in trafficking. Nguyen's conclusory claim that the Vietnamese government controls "many aspects of people's daily lives" and therefore must be to blame for her experiences is insufficient to displace the IJ's analysis to the contrary.

■ With respect to Nguyen's application for withholding of removal, "courts consider the same factors to determine eligibility for both asylum and withholding, but withholding of removal requires a higher probability of persecution." *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) (internal quotation marks omitted). Thus, our rejection of Nguyen's asylum claim also mandates rejection of her application for withholding of removal.

## PETITION DENIED.

sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In her brief to this court, Nguyen does not challenge the BIA's denial of her CAT claim and she has thus forfeited that claim. *See, e.g., Paladin Assocs. v. Mont. Power Co.,* 328 F.3d 1145, 1164 (9th Cir.2003).